MARKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*April 9—May 5, 1942.*

For the plaintiff in error there was a brief by *Aschenbrenner & Petersen* of Milwaukee, and oral argument by *S. A. Aschenbrenner.*

For the defendant in error there was a brief by the *Attorney General, Herbert J. Steffes,* district attorney of Milwaukee

county, and *Andrew W. Brunhart*, assistant district attorney, and oral argument by *Mr. Brunhart*.

FOWLER, J. The defendant was charged with rape of a woman forty-five years old. The only error assigned is that the evidence was insufficient to establish guilt beyond a reasonable doubt. The defendant admitted the commission of the act of intercourse charged, but claimed that the prosecutrix consented thereto. The trial was to the court, without a jury. We see no occasion to detail the story of the prosecutrix. We will only say that if the trial judge believed the story, and he manifestly did, the conviction is amply supported, this notwithstanding that the defendant's reputation previous to the act charged was good and that of the prosecutrix as to improper conduct with men was somewhat impeached, although it rested on mere rumor rather than any adequate cause or substantial basis.

The woman's condition, as testified to by her daughter, by a physician, who examined her the next day at the procurement of the public authorities, and by a policeman who saw her in a tavern from which she called to the police station immediately after being left by defendant near her daughter's home where she lived and reported the commission of the alleged crime, corroborates the story of the prosecutrix. Her condition as described by these witnesses was utterly inconsistent with the defendant's claim of her consent to the admitted act.

Counsel rely on *State v. Hoffman*, 228 Wis. 235, 280 N. W. 357, in support of their contention. While the two cases have one thing in common—that each prosecutrix claimed to have yielded because of fear of death induced by threats of the assailant—they are widely different in that in the instant case the act involved was committed immediately following the threat and in a situation likely to induce fear of immediate fulfilment, in the other the circumstances were not such as to make fulfilment either imminent or likely, and the act

charged followed after a considerable lapse of time and after voluntary participation by the prosecutrix in acts just short of the penetration essential to the completed act.

*By the Court.*—The judgment of the municipal court is affirmed.